IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEXANDRA H.,[1]

    Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:24-cv-01066-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Alexandra H. ("Plaintiff") brings this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision and remands for further administrative proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

PAGE 1 – OPINION AND ORDER

## STANDARD OF REVIEW

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). That is so because "[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by regulation as recognized in Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022))).

///

PAGE 2 – OPINION AND ORDER

## BACKGROUND

I.     **PLAINTIFF'S APPLICATION**

Plaintiff was born in June 1989, making her thirty-five years old on December 31, 2024, the date last insured.[2] (Tr. 769, 783.) Plaintiff alleges disability due to major depressive disorder, generalized anxiety disorder, and somatic symptom disorder. (*Id.* at 212.) Plaintiff also alleges chronic pain, weakness, fatigue, mobility difficulties, and environmental sensitivities due to fibromyalgia and migraine headaches. (*Id.* at 215-18.)

Plaintiff initially filed her application in December 2018. An administrative law judge ("ALJ") issued a decision finding Plaintiff not disabled, and the Appeals Council denied review. (*Id.* at 1, 20-40.) On December 21, 2021, Plaintiff filed a complaint in this Court seeking relief from the Commissioner's decision. (*Id.* at 858-59; *see also Alexandra H. v. Comm'r Soc. Sec. Admin.*, No. 3:21-cv-01847-HZ, ECF No. 1.) On November 23, 2022, the Court granted the parties' stipulated motion to remand for further administrative proceedings. (*Id.* at 860-68; *see also Alexandra H. v. Comm'r Soc. Sec. Admin.*, No. 3:21-cv-01847-HZ, ECF No. 16.)

On remand, the ALJ held an administrative hearing on November 3, 2023, at which Plaintiff, her attorney, and a vocational expert ("VE") appeared and testified. (Tr. 794-829.) On

---

[2] To be eligible for DIB, "a worker must have earned a sufficient number of [quarters of coverage] within a rolling forty quarter period." *Herbert v. Astrue*, No. 1:07-CV-01016 TAG, 2008 WL 4490024, at *4 (E.D. Cal. Sept. 30, 2008) (citation omitted). Workers accumulate quarters of coverage based on their earnings. *Id.* Typically, "the claimant must have a minimum of twenty quarters of coverage [during the rolling forty-quarter period to maintain insured status]. . . . The termination of a claimant's insured status is frequently referred to as the 'date last insured' or 'DLI.'" *Id.* (citation omitted). Thus, Plaintiff's date last insured ("DLI") of December 31, 2024 (Tr. 769) reflects the date on which her insured status terminated based on the previous accumulation of quarters of coverage. If Plaintiff established that she was disabled on or before December 31, 2024, she is entitled to DIB. *See Truelsen v. Comm'r of Soc. Sec.*, No. 2:15-CV-2386-KJN, 2016 WL 4494471, at *1 (E.D. Cal. Aug. 26, 2016) ("To be entitled to DIB, plaintiff must establish that he was disabled . . . on or before his date last insured." (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998))).

March 4, 2024, the ALJ issued another written decision denying Plaintiff's DIB application. (*Id.* at 767-85.) Plaintiff now seeks judicial review of the ALJ's 2024 decision.

## II.  THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724–25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id.* at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

///

///

PAGE 4 – OPINION AND ORDER

### III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 767-85.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 31, 2019, the amended alleged onset date. (*Id.* at 771.) At step two, the ALJ found that Plaintiff suffered from the following severe, medically determinable impairments: major depressive disorder, generalized anxiety disorder, somatic symptom disorder, fibromyalgia, and migraine headaches. (*Id.*)

At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.* at 773.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work," with the following exceptions: she can stand and walk for four hours; she can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she can perform work in moderate (noise level 3) or quieter work environments; and she can have occasional exposure to vibration, pulmonary irritants such as fumes, odors, dust, and gases, and work hazards such as dangerous moving machinery and unprotected heights. (*Id.* at 776.) The ALJ also opined that Plaintiff can understand, remember, and carry out simple and detailed instructions that can be learned in thirty days or less, and that she can have occasional contact with the general public and coworkers. (*Id.*)

At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. (*Id.* at 783.) At step five, the ALJ determined that Plaintiff was not disabled because a significant number of jobs existed in the national economy that she could perform, including work as a retail trade marker, small products assembler, and router. (*Id.* at 784-85.)

///

///

PAGE 5 – OPINION AND ORDER

## DISCUSSION

In this appeal, Plaintiff argues that the ALJ erred by finding that the opinion of the state agency psychological consultant, Dr. Irmgard E. Friedburg ("Dr. Friedburg") was persuasive, but failing to incorporate Dr. Friedburg's "one-to-two step" limitation in the RFC. (Pl.'s Opening Br. ("Pl.'s Br.") at 4, ECF No. 9.) The Commissioner responds that the ALJ provided a sufficient explanation as to why the ALJ did not include the proffered limitation in the RFC and substantial evidence supports the ALJ's evaluation. (Def.'s Br. at 2, ECF No. 11.)

## I.     MEDICAL OPINION EVIDENCE

### A.     Applicable Law

"In January 2017, the Social Security Administration issued revised regulations for evaluating medical opinions relating to claims filed on or after March 27, 2017." *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (citation omitted). The revised "regulations provide that ALJs will no longer 'defer or give any specific evidentiary weight' to any medical opinion."[3] *Id.* (quoting 20 C.F.R. § 416.920c(a)). Instead, "ALJ[s] must assess the persuasiveness of each medical opinion after considering specified factors." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citing *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) and 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(b))).

---

[3] In *Cross*, the Ninth Circuit held that the revised regulations are valid under both the Social Security Act and Administrative Procedures Act. 89 F.4th at 1216-17. Recently, "[t]he Supreme Court . . . overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which 'required courts to defer to permissible agency interpretations of the statutes those agencies administer—even when a reviewing court reads the statute differently.'" *Williams v. O'Malley*, No. 23-35358, 2024 WL 3519774, at *1 n.1 (9th Cir. July 24, 2024) (quoting *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2254 (2024)). In *Cross*, the Ninth Circuit "held that the [Social Security] Act 'plainly encompasse[d] the Commissioner's authority to adopt regulations to govern the weighing of medical evidence,' without deferring to the agency's interpretation of the statute." *Id.* (quoting *Cross*, 89 F.4th at 1215). Consequently, the Ninth Circuit has found that the Supreme Court's decision in "*Loper* does not undercut *Cross*." *Id.*

Specifically, the revised "regulations require an ALJ to discuss the supportability and consistency of medical evidence—the factors the agency has historically found to be the most important in evaluating medical opinions—while allowing for discussion of other factors listed in paragraphs (c)(3) through (c)(5), as appropriate." *Cross*, 89 F.4th at 1215 (citing 20 C.F.R. § 416.920c(a)); *see also Woods*, 32 F.4th at 791 ("'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" (quoting 20 C.F.R. § 404.1520c(a))). "Supportability focuses on whether 'a medical source supports a medical opinion by explaining the relevant objective medical evidence.'" *Stiffler*, 102 F.4th at 1106 (quoting *Woods*, 32 F.4th at 791-92); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) ("Supportability concerns how 'a medical source supports a medical opinion' with relevant evidence[.]" (quoting *Woods*, 32 F.4th at 791-92)). "Consistency means the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources[.]" *Stiffler*, 102 F.4th at 1106 (quoting *Woods*, 32 F.4th at 792).

In addition to supportability and consistency, "[a]n ALJ may discuss other factors [listed in paragraphs (c)(3) through (c)(5)], such as the medical source's 'relationship with the claimant' or 'specialization,' but generally has no obligation to do so." *Cross*, 89 F.4th at 1214 (citing 20 C.F.R. § 416.920c(b)(2)). If, however, an "ALJ finds two or more contradictory medical opinions 'both equally well-supported . . . and consistent with the record[,]' . . . the regulations mandate discussion of these other factors." *Id.* at 1214-15 (quoting 20 C.F.R. § 416.920c(b)(3), (c)(3)-(5)).

A district court reviews the ALJ's evaluation of a medical opinion for substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, [under the new regulations,] an ALJ's decision,

including the decision to discredit any medical opinion, must simply be supported by substantial evidence."); *id.* at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); *Metcalf v. Kijakazi*, No. 22-35201, 2022 WL 17592194, at *1 (9th Cir. Dec. 13, 2022) (observing that "under the revised regulations . . . , the ALJ's evaluation of a medical opinion is reviewed for substantial evidence" (citing *Woods*, 32 F.4th at 789)).

    **B.    Analysis**

        **1.    Dr. Friedburg's Opinion**

Dr. Friedburg found, *inter alia*, that Plaintiff's ability to carry out detailed instructions was moderately limited. (Tr. 79.) Specifically, Dr. Friedburg opined that Plaintiff could "carry out and maintain" concentration and persistence for simple one-to-two step tasks, but would be unable to maintain concentration and persistence for more complex tasks. (*Id.* at 80.)

        **2.    The ALJ's Findings**

The ALJ found Dr. Friedburg's opinion to be "generally persuasive." (*Id.* at 782.) Specifically, the ALJ found that Dr. Friedburg's opinion that Plaintiff had moderate limitations in "concentrating, persisting, or maintaining pace" and that "she can carry out and maintain concentration, persistence, and pace for simple one-to-two step tasks" was "supported by the evidence in the record, to include treatment records, mental status exam notes, and counseling records[.]" (*Id.*, *see also id.* at 775, concluding that "[w]ith regard to concentrating, persisting or maintaining pace, the claimant had a moderate limitation[,]" crediting "Dr. Friedburg['s opinion] that the claimant has moderate limitations in concentrating, persisting, or maintaining pace, [and] further asserting that she can carry out and maintain concentration, persistence, and pace for simple one-to-two step tasks.") However, the ALJ ultimately concluded that Plaintiff could

PAGE 8 – OPINION AND ORDER

understand, remember, and carry out "simple and detailed instructions that can be learned in [thirty] days or less[,]" and did not include Dr. Friedburg's limitation to one-to-two step tasks in Plaintiff's RFC. (*Id.* at 776.)

### 3. Disposition

The Court concludes that the ALJ committed harmful error by failing to address Dr. Friedburg's opinion that Plaintiff would be limited to one-to-two step tasks.

Having found Dr. Friedburg's opinion "generally persuasive," the ALJ was required either to include Dr. Friedburg's one-to-two step task limitation in Plaintiff's RFC or explain why he omitted the limitation. *See Ariceli D.H. v. Comm'r, Soc. Sec. Admin.*, No. 3:22-cv-01229-HZ, 2023 WL 5321068, at *3 (D. Or. Aug. 16, 2023) ("Therefore, the ALJ erred when he found [the relevant] medical opinion persuasive that limited Plaintiff to one and two step tasks, but then implicitly rejected or ignored that opinion when he created an RFC that limited her only to simple, repetitive, and routine tasks, without explanation."); *Tre J. v. Kijakazi*, No. 4:21-cv-5014-EFS, 2022 WL 17224293, at *5 (E.D. Wash. Sept. 8, 2022) ("Because the ALJ found [the medical] opinions to be 'generally persuasive,' the ALJ was required to either include the 1-to-2-step limitation or to explain why it was omitted from the RFC. The ALJ erred by not doing so." (first citing SSR 96-8p, available at 1996 WL 374185 (July 2, 1996); and then citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006))); *Anthony V. v. Saul*, No. 3:19-cv-1918-SI, 2021 WL 1187024, at *6 (D. Or. Mar. 29, 2021) (finding that the ALJ erred by giving "[n]o reason for rejecting the two medical opinions on one-to-two step tasks"); *Ammie B. v. Saul*, No. 6:19-cv-145-SI, 2020 WL 1984894, at *3 (D. Or. Apr. 27, 2020) ("Plaintiff contends that the ALJ improperly accounted for the credited [medical] opinions . . . by limiting Plaintiff to 'simple routine tasks requiring a reasoning level of either one or two' in the RFC. Plaintiff argues that this limitation is inconsistent with [the] more restrictive opinion limiting Plaintiff to tasks

PAGE 9 – OPINION AND ORDER

involving one-or two-step instructions. The Court agrees that this is a significant conflict. Each of the jobs that [t]he Vocational Expert identified in his testimony required level two reasoning, and level two reasoning is incompatible with a restriction to one-or two-step tasks. Thus, the ALJ formulated an RFC that exceeded 'the concrete limitations in [the] medical opinion.'" (first citing *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015); and then quoting *Rogers v. Comm'r of Soc. Sec. Admin.*, 490 F. App'x 15, 17-18 (9th Cir. 2012))). The ALJ erred by not doing so here.

"Even assuming that other evidence of record could be reasonably interpreted to support exclusion of th[e one-to-two step] limitation, the Court is constrained to review only the reasoning provided by the ALJ." *Tre J.*, 2022 WL 17224293, at *5 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006))). Here, the Court cannot discern from the record if the ALJ intended to incorporate or reject Dr. Friedburg's one-to-two step limitation. *See id.* ("Here, the Court simply cannot discern whether the ALJ, in crafting Plaintiff's RFC, intended to incorporate or reject [the] assigned 1-to-2-step-task limitation.").

Further, the Court cannot conclude that the ALJ's error was harmless. *See id.* ("Further, the Court cannot find it harmless.") (citation omitted). Plaintiff correctly notes that a limitation to one-to-two step tasks is consistent with Level One reasoning, and that all of the jobs the ALJ identified at step five require Level Two reasoning or greater. (*See* Pl.'s Br. at 6-7; *see also* Def.'s Br. at 2-8, not challenging Plaintiff's assertion that a limitation to one-to-two step tasks is inconsistent with the jobs that the ALJ identified at step five.) The ALJ did not ask the VE about whether Plaintiff could perform any of the three identified jobs if she was limited to one-to-two step tasks. As a result, the Court cannot rely on the jobs the VE identified at step five, and the ALJ's error was harmful. *See Tre J.*, 2022 WL 17224293, at *5 ("[T]he Court cannot find it

PAGE 10 – OPINION AND ORDER

harmless. As mentioned, every occupation identified by the vocational expert and accepted by the ALJ requires Level 2 reasoning" and "the ALJ did not inquire with the vocational expert about whether any of the three identified occupations could still be performed if further limited to only 1-to-2-step tasks."); *see also Tre J. v. Bisignano*, No. 4:24-cv-5140-EFS, 2025 WL 1517236, at *6 (E.D. Wash. May 28, 2025) (remanding for an award of benefits following a second appeal, based on a finding that "[t]he ALJ's failure to include [the] opined 1-2 step limitation in performing tasks was consequential" where "a limitation to performing 1-2 step tasks is consistent with a reasoning level of no more than 1" and "the VE testimony indicates that if [the] opined limitation is properly credited there are no jobs with a reasoning level of 1 that would fit the ALJ's formulated RFC"); *Tracey R. v. Comm'r, Soc. Sec. Admin.*, No. 6:19-cv-01949-MC, 2021 WL 1201659, at *4 (D. Or. Mar. 30, 2021) ("Similarly, the ALJ's failure to recognize and reconcile the conflict between the accepted examining medical opinions and Plaintiff's proposed jobs requiring Level Two Reasoning is not harmless. [The medical opinions] limited Plaintiff to jobs which only required 'one to two step tasks,' which would have been jobs with Level One Reasoning. The ALJ then assigned these opinions full weight yet did not adhere to their noted limitations, instead assigning an RFC and jobs to Plaintiff that were beyond her reasoning capabilities. Further, '[t]here is no explanation in the record as to why' Plaintiff could have performed jobs beyond the opined limitations[.]") (citations omitted); *Anthony V.*, 2021 WL 1187024, at *7 ("Because the ALJ did not provide [valid] reasons for rejecting the medical opinions limiting Plaintiff to one-to-two step tasks, the less-restrictive RFC cannot be fully credited. This error may have been harmless if the VE testified to the availability of one-to-two step task jobs that otherwise met Plaintiff's RFC, but no such testimony was solicited. The Court, on the record before it, cannot determine whether a finding of disability can be maintained in

light of the ALJ's error and the internal inconsistency of the ALJ's decision. Therefore, the identified error directly affected Plaintiff's disability determination and was not harmless.").

For these reasons, the Court reverses the ALJ's decision and remands for further administrative proceedings. *See id.* at *8 ("The conflict between mental reasoning capabilities must be resolved. As discussed above, this error was not harmless. The [medical] opinions . . . must be either adopted into the RFC or properly rejected. If the RFC is changed to adopt the mental functioning limitation . . . , additional proceedings must be held to determine, with the testimony of a VE, whether significant jobs exist in the national economy under the modified RFC. If the RFC is maintained, the ALJ must give specific, legitimate reasons supported by substantial evidence for rejecting or giving little weight to the opinion."); *see also Tracey R., 2021 WL 1201659*, at *4 ("On remand, the ALJ needs to address the conflict between Plaintiff's assigned jobs, Plaintiff's RFC, and the limitations noted [in the medical opinions]. In the alternative, on remand the ALJ can identify jobs with Level One Reasoning that are suitable for Plaintiff.").

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

**IT IS SO ORDERED.**

DATED this 25th day of June, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge